**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| FRANK EDWIN PATE,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-24-CV-238-KC |
| WARDEN HIJAR,<br>    Respondent. | §<br>§<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

Frank Edwin Pate, federal prisoner number 30430-408, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His petition is dismissed without prejudice for his failure to comply with a court order and his failure to prosecute.

## **BACKGROUND**

Pate is a 56-year-old federal prisoner convicted by a jury on May 26, 2015, of two counts of wire fraud and one count of mail fraud. *United States v. Pate*, No. 23-40353, 2023 WL 6213452, at *1 (5th Cir. Sept. 25, 2023). His original sentence was vacated by the Fifth Circuit Court of Appeals on a joint motion with the Government and his case was remanded to the district court for resentencing. In an amended judgment issued on May 27, 2016, he was sentenced to a total of 168 months' imprisonment, three years' supervised release, and $2,829,586.84 in restitution. *Id.* His direct appeal from his amended judgment of conviction and sentence was dismissed by the Fifth Circuit on the Government's motion. *Id.* Over three years later, he filed a second notice of appeal again challenging the amended judgment. *Id.* His second appeal was dismissed as frivolous. *Id.* He

---

[1] Pate was a prisoner at the La Tuna Federal Correctional Institution, which is within the jurisdiction of the Western District of Texas, when he filed his petition. He has since been transferred to the supervision of Residential Reentry Management Field Office in Grand Prairie, Texas. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 30430-408, last visited Oct. 31, 2024. His projected release date is April 14, 2026, 2026. *Id.*

subsequently filed a third notice of appeal from his amended judgment. *Id*. His third appeal was also dismissed as frivolous. *Id*. In addition, he was warned by the Fifth Circuit that filing "any other frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in … any court subject to this court's jurisdiction. *Id.*

In his § 2241 petition Pate challenges the execution of his sentence through four claims. Pet'r's Pet., ECF No. 1. First, he asserts the Bureau of Prisons has miscalculated his sentence and release date. *Id.* at 6. Second, he claims he has been wrongfully denied placement in a residential reentry center or in home confinement. *Id.* Third, he complains the Respondent, Warden Sandra Hijar, has collaborated to oppress him. *Id.* Finally, he maintains Hijar has denied him his rights. *Id.* at 7. He asks the Court to intervene on his behalf and order Hijar to immediately discharge him. *Id.*

## APPLICABLE LAW

A prisoner does not have an "absolute 'right' to proceed in a civil action without paying a filing fee." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997) (citing *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015)). When a prisoner seeks relief through a § 2241 petition, he must pay the District Clerk a $5 filing fee. 28 U.S.C. 1914(a). In the alternative, he may apply to the court for permission to proceed without paying the filing fee with an affidavit disclosing all his assets and showing he is unable to pay the fee. *See* 28 U.S.C. 1915(a)(1).

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court's authority under Rule 41(b) flows from its

"inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's authority is not diluted by a party proceeding *pro se*, as "'[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

## ANALYSIS

Pate did not arrange to pay the $5.00 filing fee or apply to proceed without prepaying fees (*in forma pauperis*) when he filed his petition on July 11, 2024. He was accordingly ordered on August 6, 2024, to either (1) pay the filing fee or (2) apply to proceed *in forma pauperis* within twenty-one days of the entry of the order. Order, ECF No. 2. He was warned that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him pursuant to Federal Rule of Civil Procedure 41(b). *Id*. (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)). He did not comply or make any effort to communicate with the Court.

## CONCLUSIONS AND ORDERS

The Court concludes that Pate has failed to comply with a court order and has failed to prosecute his cause. It further concludes his petition is therefore subject to *sua sponte* dismissal. *See Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) ("District courts have the … 'inherent power' ... to dismiss cases with prejudice for failure to prosecute."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the [petitioner] fails to comply with court orders."); *Martin v.*

*Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("Because [Petitioner] failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion."). The Court accordingly enters the following orders:

**IT IS ORDERED** that Frank Edwin Pate's *pro se* "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Pate's petition is construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, he is **DENIED** a certificate of appealability.

**IT IS FINALLY ORDERED** that Frank Edwin Pate's case is **CLOSED**.

**SIGNED this 1st day of November, 2024.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

4